UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carey Camp, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Qualcomm Inc., Steven K. Mollenkopf, and George S. Davis,<br><br>Defendants. | Case No.: 18-cv-1208-AJB-BLM<br><br>**ORDER:**<br><br>**(1) GRANTING CONSOLIDATION;**<br>**(2) APPOINTING LEAD PLAINTIFF; and**<br>**(3) APPOINTING LEAD COUNSEL**<br><br>**(Doc. Nos. 14, 15, 16)** |

Before the Court are competing motions to appoint lead plaintiff and lead counsel in this case. Plaintiffs Gatubhai Mistry and Daljit Singh move to be appointed as lead plaintiff, while plaintiff Bradley Leach, who originally moved as well, filed a non-opposition to the competing motions. (Doc. Nos. 14, 15, 16.) Although the Court finds Singh has the largest financial interest, the Court **GRANTS** Mistry's motion for lead plaintiff and appointment of counsel, (Doc. No. 16), and **DENIES** both Singh's and Leach's competing motions, (Doc. Nos. 14, 15), for the reasons outlined below. The Court also **GRANTS** the parties' requests to consolidate.

## I. BACKGROUND

Plaintiff represents a class of those who purchased Qualcomm stock between January 31, 2018, and March 12, 2018 and who are suing under the Securities Exchange Act of 1934. (Doc. No. 1 ¶ 1, *Camp Complaint*.) Plaintiffs allege that on January 29, 2018,

Qualcomm "secretly filed a voluntary request" for The Committee on Foreign Investment in the United States ("CFIUS") to investigate Broadcom Limited, in an attempt to "frustrate Broadcam's attempt to acquire" Qualcomm. (*Id.* ¶ 5.) This scheme was eventually revealed on March 5, 2018, causing Qualcomm's stock to decline. (*Id.*) Plaintiffs allege Qualcomm made "materially false and misleading statements and failed to disclose" the scheme to investors, resulting in "the precipitous decline in the market value of the Company's securities." (*Id.* ¶¶ 6–7.)

## II. REQUEST FOR CONSOLIDATION

Federal Rule of Civil Procedure 42(a) provides that "when actions involving common questions of law or fact are pending before the court, it . . . may order all the actions consolidated[.]" Fed. R. Civ. P. 42(a). The district court has "broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. United States Dist. Ct.*, 877 F.2d 777 (9th Cir. 1989). The purpose of consolidation is to avoid the unnecessary costs or delays that would ensue from proceeding separately with claims or issues sharing common aspects of law or fact. *EEOC v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998).

Additionally, the Private Securities Litigation Reform Act ("PSLRA") directs that cases should be consolidated when more than one action is filed on behalf of a class asserting substantially the same claim or claims. *See In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D. N.J. 1998) (citing 15 U.S.C. § 78u-4(a)(3)(B)(ii)). Further, 15 U.S.C. § 78u-4(a)(3)(B)(ii) requires that any motions for consolidation be decided first, and that "as soon as practicable" thereafter, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.*

Here, there are two actions which plaintiffs request to consolidate: *Camp v. Qualcomm*, 18-cv-1208-AJB-BLM, and *Jadhav v. Qualcomm*, 18-cv-1457-AJB-BLM. Because both cases involve similar factual and legal issues surrounding the same alleged misconduct by Qualcomm—between January 31, 2018, and March 12, 2018—the Court **GRANTS** the motions to consolidate. (Doc. Nos. 14; 15-2 at 4; 16-1 at 7–8.)

### III. APPOINTMENT OF LEAD PLAINTIFF

Under the PSLRA, the district court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interest of the class members[.]" 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA creates a rebuttable presumption that the most adequate plaintiff should be the plaintiff who: (1) has filed the complaint or brought the motion for appointment of lead counsel in response to the publication of notice, (2) has the "largest financial interest" in the relief sought by the class, and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc). The presumption may be rebutted only upon proof that the presumptive lead plaintiff: (1) will not fairly and adequately protect the interests of the class or (2) is subject to "unique defenses" that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb).

By its terms, the PSLRA "provides a simple three-step process for identifying the lead plaintiff" in a private securities class action litigation. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). "The first step consists of publicizing the pendency of the action, the claims made and the purported class period." *Id.* At the second step, "the district court must consider the losses allegedly suffered by the various plaintiffs," and select as the "presumptively most adequate plaintiff . . . the one who has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* at 729–30 (internal citations omitted). Finally, at the third step, the district court "give[s] other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* at 730.

#### 1. Procedural Requirements

Under the PSLRA, a plaintiff who files a securities litigation class action must provide notice to class members via publication in a widely-circulated national business-oriented publication or wire service within 20 days of filing the complaint. 15 U.S.C. § 78u-

4(a)(3)(A)(I). The notice must: (1) advise class members of the pendency of the action, the claims asserted therein, and the purported class period; and (2) inform potential class members that, within 60 days of the date on which notice was published, any members of the purported class may move the court to serve as lead plaintiff in the purported class. 15 U.S.C. § 78u-4(a)(3)(A)(i)(I)–(II).

Here, both plaintiffs met the procedural requirements and timely moved for appointment by the August 7, 2018 deadline. (Doc. Nos. 15-2 at 5; 16-1 at 9.)

### 2. Largest Financial Interest

Singh alleges he has the largest financial interest because he "lost $340,877.48 on his purchases of Qualcomm securities." (Doc. No. 15-2 at 6; Rosen Decl., Ex. 3, Doc. No. 15-6 at 2.) Mistry claims he has the largest financial interest because he "suffered a loss of approximately *$75,565* under a LIFO [last in, first out] analysis in connection with his Class Period purchases of Qualcomm securities." (*Id.* at 9.) Thus, it is easily ascertained that Singh has the largest financial interest here.

### 3. Rule 23 Requirements

Although Singh has the largest financial interest, the Court finds that Singh fails the third requirement as he does not meet the Rule 23 requirements, which at this early stage requires only a preliminary showing of typicality and adequate interest protection. *See Cavanaugh*, 306 F.3d at 729–31 ("The third step of the process is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)."). Mistry argues this is where Singh's claim falls short and asserts why he should be lead plaintiff. The Court agrees.

#### a. *Typicality*

The typicality requirement asks whether the presumptive lead plaintiff has suffered the same or similar injuries as absent class members as a result of the same conduct by the defendants and are founded on the same legal theory. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992); *Frias v. Dendreon Corp.*, 835 F. Supp. 2d 1067, 1075 (W.D.

Wash. 2011) (citing *Schonfield v. Dendreon Corp.,* Nos. C07-800MJP, C07-869MJP, C07-870MJP, C07-898MJP, 2007 WL 2916533, at *4 (W.D. Wash. Oct. 4, 2007)). The representative claims need only be "reasonably co-extensive" with those of absent class members, rather than "substantially identical" to them. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

This requirement concerns whether "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The two primary adequacy inquiries are (1) whether there are conflicts of interest between the proposed lead plaintiff and the class and (2) whether plaintiff and counsel will vigorously fulfill their duties to the class. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011).

Both Singh and Mistry argue they are typical, and the Court agrees insofar as they each share similar questions of law and fact with class members. However, Mistry's concerns regarding Singh's typicality raised during the motion hearing concern the Court. Singh failed to include any basic details about himself, including where he lives or who he is specifically in his motion. Due to these errors, the Court finds it difficult to determine whether Singh would indeed be a typical plaintiff for the class. Because Mistry has included such details, however, the Court finds he would be the better choice for lead plaintiff.

### b. Adequacy

Singh also asserts he is adequate because is willing to serve as a class member and "is not aware of any unique defenses that Defendants could raise against him that would render [Singh] inadequate to represent the Class." (*Id.* at 7–8.) Mistry alleges he is adequate as there is no conflict of interest between himself and the class and has demonstrated commitment to pursing the litigation. (*Id.* at 10–11; Mistry Decl., Doc. No. 16-3 ¶ 3.) However, Mistry notes there was several errors in Singh's pleadings which question his adequacy to represent the class.

Notably, Mistry points out that that although Singh declared under penalty of perjury that he "reviewed the complaint ***and authorized its filing***," there was no complaint filed in

his name. (*Id.* at 9 (emphasis in original).) In a similar case cited by Mistry, the Court stated that "[Plaintiff's] willingness to make false statements under oath contributes to the court's conclusion that he would not have been an adequate lead plaintiff." *Garbowski v. Tokai Pharmaceuticals, Inc.*, 302 F. Supp. 3d 441, 455 (D. Mass. 2018). This Court has similar reservations. Looking at Singh's "Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws," Singh did sign under penalty of perjury that he "reviewed the complaint and authorized its filing," however, there was indeed no filing made on behalf of Singh. (Doc. No. 15-5 at 2.)

Mistry also asserts doubts about Singh's ability to serve as the class representative because of "significant errors in the transaction records and loss calculations accompanying Mr. Singh's motion." (*Id.*) The certification claims $62.30 was the price to purchase 400 shares on February 21, 2018, however that price allegedly is not within the daily low or high trading prices for Qualcomm stock that day. (*Id.*) Additionally, Mistry claims Singh used the wrong loss calculation, which when corrected, reduces his losses by 30%. (*Id.*)

Due to these errors in Singh's pleadings, and the questions surrounding whether he is a typical plaintiff, the Court finds these questions underscore the reliability of Singh's representations. Thus, the Court finds that Singh does not meet the final requirements to be appointed lead plaintiff under Rule 23, leading the Court to assign lead plaintiff to Mistry.

## IV. APPOINTMENT OF LEAD COUSNEL

The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Mistry wishes to appoint "Kessler Topaz and Robbins Geller to serve as Lead Counsel for the class." Kessler Topaz specializes in prosecuting complex class actions and is currently serving as lead or co-lead counsel in several securities class actions. (Doc. No. 16-1 at 11–12.) The second firm Plaintiff requests to appoint, Robbins Geller, also has experience with class actions and "is actively engaged in complex litigation, particularly securities litigation." (*Id.* at 12.) With "a history of working collaboratively as lead counsel in

securities class actions," the Court finds the two firms have the resources and experience to effectively manage the class litigation. Thus, Kessler Topaz and Robbins Geller are appointed as Lead Counsel.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Mistry's motions for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel. (Doc. No. 16.) The Court **DENIES** both Singh's and Leech's competing motions. (Doc. Nos. 14, 15.) The Court **ORDERS** as follows:

1. Pursuant to Federal Rule of Civil Procedure 42(a), *Camp v. QUALCOMM Incorporated*, No. 3:18-cv-01208, and *Jadhav v. QUALCOMM Incorporated*, No. 3:18-cv-1457, and all related actions are consolidated for all purposes (the "Consolidated Action"). This Order will apply to the Consolidated Action and to each case that relates to the same subject matter that is subsequently filed in this District or is transferred to this District, and is consolidated with the Consolidated Action.

2. A Master File is established for this proceeding. The Master File will be Case No. 3:18-cv-01208-AJB-BLM. The Clerk will file all pleadings in the Master File and note such filings on the Master Docket.

3. An original of this Order will be filed by the Clerk in the Master File.

4. The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Action.

5. Every pleading in the Consolidated Action must have the following caption:

| IN RE QUALCOMM/BROADCOM MERGER SECURITIES LITIGATION | No. 3:18-cv-01208-AJB-BLM |
|---|---|

6. The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that may properly be consolidated as part of the Consolidated Action.

7. When a case that arises out of the same subject matter as the Consolidated Action is hereinafter filed in this Court or transferred from another court, the Clerk of this Court will:

    (a) File a copy of this Order in the separate file for such action; and

    (b) Make the appropriate entry in the Master Docket for the Consolidated Action.

8. Each new case that arises out of the subject matter of the Consolidated Action will be consolidated with the Consolidated Action. This Order will apply thereto, unless a party objects to consolidation (as provided for herein), or to any provision of this Order, within 10 days after the date upon which a copy of this Order is served on counsel for such party by filing an application for relief, and this Court deems it appropriate to grant such application. Nothing in the foregoing will be construed as a waiver of Defendants' right to object to consolidation of any subsequently filed or transferred related action.

9. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), Gatubhai Mistry is appointed to serve as Lead Plaintiff in the Consolidated Action.

10. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), Gatubhai Mistry's selection of Kessler Topaz Meltzer & Check, LLP and Robbins Geller Rudman & Dowd LLP as Lead Counsel for the class is approved. Lead Counsel will have the authority to speak for all plaintiffs and class members in all matters regarding the litigation, including, but not limited to, pre-trial proceedings, motion practice, trial, and settlement. Additionally, Lead Counsel shall have the following responsibilities:

    (a) to brief and argue motions;

    (b) to initiate and conduct discovery, including, but not limited to, coordination of discovery with Defendants' counsel, and the

      preparation of written interrogatories, requests for admissions, and requests for production of documents;

(c)     to direct and coordinate the examination of witnesses in depositions;

(d)     to act as spokesperson at pretrial conferences;

(e)     to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

(f)     to initiate and conduct any settlement negotiations with Defendants' counsel;

(g)     to consult with and employ experts; and

(h)     to perform such other duties as may be expressly authorized by further order of this Court.

**IT IS SO ORDERED.**

Dated: January 22, 2019

Hon. Anthony J. Battaglia
United States District Judge