UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carey Camp, Individually and on Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>v.<br><br>Qualcomm Inc., Steven K. Mollenkopf, and George S. Davis,<br><br>          Defendants. | Case No.: 3:18-cv-1208-AJB-BLM<br><br>**ORDER:**<br><br>**(1) GRANTING CONSOLIDATION;**<br>**(2) APPOINTING LEAD PLAINTIFF; and**<br>**(3) APPOINTING LEAD COUNSEL**<br><br>**(Doc. Nos. 14, 15, 16)** |

The Court previously assigned Plaintiff Gatubhai Mistry as lead Plaintiff over Daljit Singh in competing motions for lead plaintiff. (Doc. No. 34.) Singh files this ex parte motion for reconsideration arguing the Court erred in applying the correct methodology to appoint the lead plaintiff. (Doc. No. 43-1 at 2.) For the reasons stated herein, the Court **DENIES** Singh's ex parte motion. (Doc. No. 43.)

## I. BACKGROUND

Plaintiff represents a class of those who purchased Qualcomm stock between January 31, 2018, and March 12, 2018 and who are suing under the Securities Exchange Act of 1934. (Doc. No. 1 ¶ 1, *Camp Complaint*.) Plaintiffs allege that on January 29, 2018, Qualcomm "secretly filed a voluntary request" for The Committee on Foreign Investment in the United States ("CFIUS") to investigate Broadcom Limited, in an attempt to "frustrate

Broadcam's attempt to acquire" Qualcomm. (*Id.* ¶ 5.) This scheme was eventually revealed on March 5, 2018, causing Qualcomm's stock to decline. (*Id.*) Plaintiffs allege Qualcomm made "materially false and misleading statements and failed to disclose" the scheme to investors, resulting in "the precipitous decline in the market value of the Company's securities." (*Id.* ¶¶ 6–7.)

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 60(b) provides a procedure whereby a party may move for relief of a court's final judgment or order. Fed. R. Civ. P. 60(b)(1)-(6); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988). Rule 60(b) allows the court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J Multnomah County v. ACandS, Inc.*, 5F.3d 1255, 1263 (9th Cir. 1993).

## III. DISCUSSION

Singh argues the Court "committed clear error in finding that Singh failed 'the third requirement as he does not meet the Rule 23 requirements.'" (Doc. No. 43-1 at 3 (quoting Doc. No. 34 at 4).) Singh specifies the Court erred on the third step of the process noting that Mistry failed to present actual proof Singh is inadequate as lead plaintiff. (*Id.*) Mistry, in opposing the reconsideration motion, notes that Singh made all the same arguments in the underlying motion and presents nothing new here. (Doc. No. 48 at 3.)

The Court agrees. Singh reiterates his arguments now, stating that because he has the largest financial interest, Mistry needed to show proof to rebut his presumption. However, the Court disagrees with Singh's interpretation of the law. As Mistry points out, Singh never got to the rebuttable presumption stage because the Court found he failed to meet the third Rule 23 requirements. Although a reconsideration motion is not a second bite at the apple, the Court will indulge Singh's appetite. *David Sams Indus., Inc.*, No. 03-00686 SGL (Ex), 2006 WL 5105218, at *1 (C.D. Cal. Dec. 20, 2006) (stating litigants may not use motions for reconsideration "to obtain the proverbial second bite of the apple."). Under Rule 23, the Court analyzed both typicality and adequacy. (Doc. No. 34 at 4–6.) The Court looked at Singh's conflicts of interest, willingness to fulfill duties, and adequacy of representation. The Court found the lack of information Singh provided about himself, his errors in calculating his losses, and his willingness to make false statements under oath, that he would not make the appropriate lead plaintiff under the Rule 23 requirements.

Singh argues his own errors should not disqualify him. (Doc. No. 43-1 at 7–8.) He points to several cases which find that small errors do not overcome the presumptive lead plaintiff's status. (*Id.* at 9.) First, however, the Court never found Singh was the presumptive lead plaintiff, thus there was no need for an evidentiary rebuttal. Second, in those cases the Court found that one type of mistake was not enough to disqualify the presumptive lead plaintiff. For example, in one case, the Court found a plaintiff's certification which stated he authorized the filing of the complaint (notably represented by the same law firm as here) when another party had filed the complaint (same issue as here) did not disqualify the lead plaintiff. *Niederklein v. PCS EdventuresA.com, Inc.*, No.1:10-cv-00479-EJL-CWD, 2011 WL 759553, at *11 (D. Idaho Feb. 24, 2011). Another case held minor miscalculations of losses was not a legitimate basis for disqualification. *Ferrari v. Gisch*, 225 F.R.D. 559, 605 (C.D. Cal. 2004). However, while some courts have held that "minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement," *In re Solar City Corporation Securities Litig.*, 2017 WL 363274, *6 (N.D. Cal. Jan. 25, 2017), these cases did not analyze whether that

determination changes when the errors are multiplied.

The Court finds these errors, when considered together, show Singh's mistakes disqualify him at the third step from lead plaintiff. As Mistry notes in a lengthy footnote, other district courts have held similarly. In one case, a court found that while "[t]he inaccuracy [in calculations] may be explainable, . . . it casts sufficient doubt on [plaintiff]'s adequacy as a representative plaintiff. . . ." *Nager v. Websecure, Inc.*, No. 97-10662-GAO, 1997 WL 773717, at *2 n.1 (D. Mass. Nov. 26, 1997). In another case, the Court found a plaintiff's errors and discrepancies in his submissions to the Court "militate against appointment and render him inadequate to serve as lead plaintiff funder Rule 23's adequacy requirement." *Micholle v. Ophthotech Corporation*, No. 17-cv-210 (VSB), 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018).

Thus, the Court finds its prior analysis neither committed clear error nor was manifestly unjust, and as such does not render reconsideration necessary.

## IV. CONCLUSION

Thus, for the reasons stated above, the Court **DENIES** Singh's motion for reconsideration. (Doc. No. 43.)

**IT IS SO ORDERED.**

Dated: August 5, 2019

Hon. Anthony J. Battaglia
United States District Judge

4

18-cv-1208-AJB-BLM